LATHAM v. HARBY.

EQUITY—PRACTICE—DISMISSAL OF COMPLAINT—JURISDICTION.—The allegations and proof in this case do not entitle plaintiff to equitable relief; but it is error to dismiss complaint, as the allegations, if sustained, entitle plaintiff to judgment against defendant on law side of Court.

Before BENET, J., Sumter, November, 1896. Modified.

Action by Samuel B. Latham against Horace Harby on following complaint:

I. That heretofore the plaintiff and the defendant formed a copartnership under the firm name of Harby & Latham,

for the purpose of buying and selling mules and horses, with their principal place of business at Camden, in said State, under an agreement that the defendant would procure and furnish the mules and horses for said business, and that the plaintiff would manage and conduct the same; and that the defendant should be repaid the money expended for said mules and horses, and that the plaintiff and the defendant should each receive one-half of the net profits and income made in and derived from the said business; that the said copartnership business commenced on the 19th day of October, 1890, but had no fixed period at which to terminate, and that the business was carried on from the 19th day of October, 1890, until on or about the 25th day of February, 1893, under said agreement, and that on or about the last named date the copartnership transactions ceased, and before the commencement of this action the plaintiff notified the defendant that the copartnership was dissolved; but that collections of money have been made from time to time on account of the amounts due by customers of the said business up to the time of the commencement of this action.

II. 1. That the gross amount derived from said business is the sum of $49,676.49, and that the expenses of said business amount to $38,703.55, including the cost of the mules and horses procured and furnished by the defendant as aforesaid; and that the net profit on said business derived up to this time is the sum of $10,792.94, the plaintiff and defendant each being entitled to one-half thereof. 2. That in addition to the amount received as aforesaid, the plaintiff and the defendant as copartners as aforesaid took from their customers notes and other papers and have accounts, all for mules and horses sold in said business, to a large amount, and that about the sum of $1,200 is due and unpaid upon all of the same; and that the same business has as a part of its assets a tract of land in Kershaw County, in said State, containing 100 acres, more or less, adjoining lands of Thos. McCoy, Henrietta Myers, Jacob Clyburn and others, the title

to the same land having been for convenience taken in the name of the defendant. 3. That the said notes, papers and accounts and the said land are of uncertain value, and it is impracticable to divide the same.

III. 1. That of the expenses incurred in carrying on said business of Harby & Latham, a large part thereof was paid by the plaintiff, and a part of the same was repaid to him, but the sum of $1,610.02 of which expenses so incurred by him for feeding stock and other items, and his share of the profits, to wit: $5,486.47, aggregating together $7,096.49, still remains due and unpaid to the plaintiff, except that he has received on account thereof in money, stock, and otherwise, $4,424.27, leaving a balance due to the plaintiff upon an accounting which may be had between him and the defendant of $2,672.22. 2. That the defendant has been repaid for the mules and horses furnished by him for said business, and has received all of his share of the profits of said business, and in addition thereto has received all of the money, income, and profits derived from conducting said business, except the sum herein before acknowledged and alleged to have been received by the plaintiff. 3. That the plaintiff and the defendant have been wholly unable to agree upon a settlement of their said copartnership affairs, and the plaintiff has been compelled to resort to this Court for an accounting and settlement of the same. Wherefore, the plaintiff demands judgment: 1. That the said copartnership may be wound up, and account taken of all the said copartnership dealings and transactions from the commencement thereof, and the property and money received by the plaintiff and defendant respectively, and of the moneys paid out and expended by them in relation thereto. 2. That the property of the firm, real and personal, and its credits, be sold and the copartnership debts and liabilities be paid off, and the surplus divided between the plaintiff and defendant, according to their respective interests; and that the defendant be required to account for and pay over to the plaintiff the amounts received by the defendant in

excess of his share, to be ascertained by the judgment of this Court. 3. For the costs of this action; and 4. For such other and further relief as may be just and proper.

The defendant, answering the complaint herein, for a first defense: Denies that any copartnership existed between the plaintiff and the defendant, but he admits that since October, 1890, the plaintiff and the defendant continued a business hereinafter referred to. That previous to the year 1890 the defendant conducted a business in the town of Camden, Kershaw County, in said State, with one Lycurgus Broadus, upon the following basis: the defendant furnished horses and mules, and the said L. Broadus sold the same for cash and on credit, and gave his entire time and attention to said business. That out of the sales by the said L. Broadus all expenses were refunded to this defendant, including cost of animals, incidental expenses, and any interest that was collected on account of time sales. The interest was regarded as an expense of the business, and when collected was repaid to the defendant, thereby reimbursing him for interest paid out upon money entering into the time sales. If the said L. Broadus expended anything for feed bills or otherwise, he deducted such expenses from funds collected, paying over to the defendant the difference. The business was conducted at the stables kept by the plaintiff, and he was fully cognizant of all the details of the same. No copartnership existed between the defendant and the said L. Broadus; he never signed any papers otherwise than as attorney for this defendant, whose business it was. But the defendant paid to the said L. Broadus, for his attention and conduct of the same, a sum equal to one-half of the clear net profits derived from said business. That in the year 1890, upon the suggestion of the said L. Broadus, who was then in declining health, the business was changed as follows: The defendant agreed to pay the plaintiff herein an amount equal to one-third of the net profits thereafter derived from said business, and to the said L. Broadus one-

third for his services as aforesaid; but no copartnership was formed, and neither the said Broadus nor Latham ever signed any firm name, or did likewise than sign the name of this defendant, per their own as attorney. 2. That after the new arrangement had been in operation a few months, the said L. Broadus departed this life, whereupon, upon the application of the plaintiff, the defendant agreed to continue the business in the same manner and on the same terms as it had been conducted with the said L. Broadus; but no copartnership was formed, and no agreement was made to pay the plaintiff any part of the interest received on such time sales as might be made. 3. This defendant admits that the volume of business conducted with the plaintiff was considerable, but he is not able to say that the figures named in paragraph two of the complaint are correct, as the plaintiff kept the books and papers connected with said business; but this defendant avers that the amounts named in the second paragraph of said complaint are not the same as those heretofore furnished him by the plaintiff. 4. The defendant denies that there is anything due the plaintiff, as is alleged in the third paragraph of said complaint, for or on account of the expenses of said business; and he alleges that the plaintiff deducted from the cash passing through his hands the amounts expended by him for feeding some of the stock furnished to said business by the defendant. And this defendant denies that there is anything due the plaintiff on account of said business whatsoever. This defendant denies that he and plaintiff have been unable to agree upon a settlement of the business aforesaid, and alleges that they have gone over together the accounts and affairs of said business, and entirely agree as to all items connected therewith, except that, in addition to $85.26 claimed by the plaintiff, he claimed $544.26, as alleged interest received by said business; this defendant did not object to the item of $85.26, and has at all times been willing to pay the same, without admitting that he owed it, but because he had confidence in the plaintiff and the cor-

rectness of his accounts; but he declined to recognize the
interest charged, as he did not consider he owed it, because
he had not agreed to pay interest; because no interest had
ever been allowed L. Broadus or the plaintiff during the
time he was in business with the defendant and the said
Broadus, and because the interest received was simply a
reimbursement of interest expended in carrying customers'
paper until fall.

For a second defense: The defendant alleges that hereto-
fore the accounts of said business, kept entirely by the
plaintiff, have been rendered to him as being correct ex-
hibits; that this defendant accepted the same as correct, and
that thereby it appeared that there was claimed $85.26 as
due the plaintiff, in addition to the interest item as afore-
said; that upon said accounts settlements have been made
between the plaintiff and defendant, and all agreed to, ex-
cept the two items last named.   Wherefore, this defendant
pleads the plaintiff is estopped from bringing in other ac-
counts not consistent with those heretofore rendered.

The issues were referred to the master, who made the
following report:

It was referred to me to take and state the accounts
between plaintiff and the defendant.   This being the case,
I have necessarily to pass upon certain questions of law
and fact arising out of the pleadings and the testimony.
The plaintiff alleges that a copartnership existed between
him and the defendant, and this defendant denies.   The
plaintiff claims that under an agreement with the defend-
ant one-half the losses were to be borne by him in the
business, and that he was to share one-half the profits.
The defendant denies the plaintiff's right to any part of the
proceeds of the business made up of the interest on time
sales, and claims that such interest belongs by special
agreement to him exclusively, and also alleges that such
claim was not made until recently and just before this suit
was brought, and that the plaintiff having claimed a less

amount as being due, and having submitted a statement
for a settlement on a different basis, is bound by such state-
ment, and ought not now to make the present demand.    I
have had the parties before me, and, with the assistance of
their counsel, they have been carefully examined and their
testimony taken, and argument has been made in their
behalf.    The plaintiff sought to offer in evidence, over
objection of the defendants, the finding of the arbitrators,
referred to in the testimony, and also a letter from the
defendant to the plaintiff bearing on the same.    These
papers, I think, should be ruled out, and I have not consid-
ered them.    Both parties to the contract are agreed that
the losses were to be borne, and were in fact borne, equally.
There is no dispute as to that.    It is a legal consequence
arising from the nature of the contract that the profits
should also be shared equally, in the absence of any specific
agreement giving a larger share to either.    While the tes-
timony is conflicting on this point, I am forced to conclude
that it does not rebut the conclusion that the profits should
be equally divided, and I so find from the evidence, and
the interest on time sales was not excepted, as alleged by
the defendant.    The statement marked exhibit "B," alluded
to in the answer and referred to in the testimony, I find
was made by plaintiff under a misapprehension as to the
amount really due, and that he is not estopped from claim-
ing the amount to which he is entitled.    I feel satisfied
from the testimony that the relation of principal and agent
did not exist between Mr. Harby and Mr. Latham, and I
so find.    I deem it immaterial to determine the question
as to whether they were copartners, since there is no ques-
tion between them and any third person seeking to estab-
lish this relation, but I find that, under the agreement into
which they entered and under which they did business,
they were to share profits and losses equally.    Having
reached these conclusions, it is not difficult to make up the
account between the parties, as there is no dispute as to
the correctness of any of the items in the statement sub-

mitted as the basis of this suit, it having been proven that the receipts from said business amounted to $49,570.74 and the expenditures to $38,585.15 (the Connelly land having been omitted). I, therefore, take and state the account between the parties as follows: * * * There is $2,619.34 due to the plaintiff, and as the defendant has received all the proceeds of the business except the items herein charged to the plaintiff, I find that upon the accounts between the parties that the defendant owes the plaintiff the said sum of $2,619.34. This leaves of assets of the business yet to be realized upon, and owned equally by the parties, the S. W. Connelly tract of land, described in the complaint, and the following uncollected papers: * * * amounting in the aggregate to $932.03.

The defendant excepts to the report of the master on the following grounds:

1. Because, it is respectfully submitted, the master erred in ruling out the finding of the arbitrators, referred to in the testimony, and the letters from the defendant to the plaintiff bearing on the same; because the documents were received in evidence over objection, as well as other testimony that was tendered by either party, and the documents, in common with all other testimony and evidence, was re-read and discussed before the master by counsel; and he should have submitted the same to the Court, as he did all other testimony admitted over objection.

2. Because, it is respectfully submitted, the master erred in holding that the relation of principal and agent did not exist between the defendant and the plaintiff.

3. Because, it is respectfully submitted, the master erred in holding that the plaintiff is not estopped from making a claim for interest on all credit sales. after making his written demand for the entire amount alleged to be due him upon an entirely different basis, whereby no part of the interest on credit sales was claimed.

4. Because the master erred in holding that the plaintiff

was entitled to one-half of all the interest derived from credit sales, and should have held that the plaintiff was not entitled to any part of the interest so received; but that, if so entitled, in no event was the plaintiff entitled to more than one-half of the interest derived on credit sales, in excess of cost of each animal sold and the interest on said cost up to the date of payment; in other words, that the plaintiff was entitled to one-half of the interest on profits derived on the sales of stock and not on the sales.

5. Because the master erred in charging up certain items against the defendant, H. Harby, as having been received by him from the business, when in fact the account shows that he did not receive them, items of which will be hereto appended as a part of this exception.

6. Because the master erred in making up the accounts between the parties without distinctly passing upon the question of copartnership.

7. Because, it is respectfully submitted, the master erred in holding that it is a legal consequence arising from the nature of the contract sued on, that the interest received was a part of the profits of the business.

The Circuit decree is as follows:

This cause came on to be heard by me upon the pleadings, the report of the master and accompanying testimony, the exceptions thereto, and the arguments of the counsel. I find from the clear preponderance of the testimony that the business relations now under consideration between the parties did not constitute them partners, and that neither of them understood or intended that a copartnership existed or should exist between them in reference thereto. I further find from the testimony that the relation subsisting between them, the defendant and the plaintiff, in reference to the business conducted at Camden, was that of principal and agent, and was so intended and understood by both parties. That by the agreement between the parties, the compensation of the agent, Samuel B. Latham, for his services was

to be ascertained from and measured by the profits of the undertaking, and that such agreement embraced the special feature that the plaintiff was to be paid his bills for feeding the stock, including the profits upon such feeding, in which profits the defendant, Harby, had no interest or share, and I find that said bills for feeding stock were all paid to the defendant out of the proceeds of said business. I further find that by the original agreement between the defendant, Harby, and L. Broadus, his former agent at Camden, all interest on credit sales of stock belonged exclusively to the defendant; that this agreement was known to the plaintiff, and continued by all the parties when the plaintiff was admitted into the arrangement. I further find that upon the death of Broadus the same agreement and arrangement was continued between the plaintiff and the defendant, except that the plaintiff was thereafter to receive one-half instead of one-third of the profits, as theretofore. Having arrived at this conclusion upon the facts of this case, I find as a matter of law that the plaintiff is not entitled to equitable relief of an accounting of the alleged partnership between himself and the defendant, and that whatever rights he may have against the defendant, if any, should have been prosecuted in a legal action. For this reason, and for the further reason that the real contention between the parties arose out of the matter of interest on time sales, to no part of which, as I have found, is the plaintiff entitled: It is ordered, adjudged and decreed, that the exceptions, except as to the matter of estoppel, be sustained, the report of the master be overruled, and that the complaint be and hereby is dismissed.

From this decree the plaintiff appeals, on the following exceptions:

I. Because his Honor, the presiding Judge, erred in finding that the business relations of the parties now under consideration, from the clear preponderance of the testimony, as between the parties, did not constitute them partners, and that neither of them understood or intended that

a copartnership existed or should exist between them in reference thereto, whereas it appears from the preponderance of the evidence that the parties contemplated the forming of a copartnership, and the undisputed agreement between the parties in itself made them partners, and there is no testimony whatever to warrant the finding that the plaintiff did not contemplate entering into a copartnership.

II. Because his Honor erred in finding that from the testimony the relation subsisting between the parties in reference to the business conducted at Camden was that of principal and agent, and was so intended and understood by both parties, in that such finding is wholly without evidence to support it, and overrules the master, when he is supported by the preponderance of the evidence, and in that it appears from the evidence that the relation of partners was contemplated and entered into by the parties; from the very nature of the agreement they were partners, and not principal and agent; and, further, in that there are no facts or circumstances in the evidence to support the finding that the plaintiff was merely the agent of the defendant.

III. Because his Honor erred in holding that, under the agreement between the parties, the compensation of the "agent, Samuel B. Latham," for his services, was to be ascertained from and measured by the profits of the undertaking, and that such agreement embraced the special feature that the plaintiff was to be paid his bills for feeding the stock, including the profits upon such feeding, in which profits the defendant, Harby, had no interest or share; and that said bills for feeding stock were all paid to the defendant out of the proceeds of the said business, in that: 1. His Honor finds that Samuel B. Latham, the plaintiff, was to be paid for his services "as agent," whereas it appears from the evidence that he was not the agent but was a copartner of the defendant, and his compensation was not to be "ascertained and measured by the profits of the undertaking," but that he was to share one-half the profits and bear one-half the losses, which losses he actually bore, and has not

received his share of the interest earned in the business, which interest forms a part of the profit.   2. His Honor took into consideration the alleged profit on feeding the stock, when it appears from the testimony that the plaintiff fed the stock at a price agreed upon with the defendant, and the question of profit or loss on such feed could not properly have any effect on the issues of this case, and the same should not have been considered.   3. His Honor held that the bills for feeding the stock were all paid to the plaintiff out of the proceeds of the business, when it appears from the statement admitted in evidence, marked (Exhibit B), and from the positive uncontradicted testimony of the plaintiff, that $1,492.10 of such feed bills are unpaid, and his Honor should have given judgment therefor.

IV.   Because his Honor erred in finding that by the original agreement between the defendant and Broadus, "his former agent at Camden," all interest on credit sales of stock belonged exclusively to the defendant; that this agreement was known to the plaintiff, and continued by all the parties when the plaintiff was admitted into the arrangement.   In that: That there is no pretense that such so-called original agreement was brought to the plaintiff's notice by Broadus; the plaintiff's testimony is that he did not know of such agreement, and the master has sustained him in holding that he was not excluded from getting a share of the interest, and his Honor should have held that the preponderance of the testimony was against the position taken by the defendant, that the plaintiff knew of and acquiesced in such arrangement.

V.   Because his Honor erred in finding that the original agreement referred to in the fourth exception herein was acquiesced in, and was the same agreement and arrangement under which the plaintiff and defendant carried on business after the death of Broadus, except that the plaintiff was to receive thereafter one-half, instead of one-third, of the profits as theretofore.   In that: Such is expressly denied by the plaintiff; his positive testimony is that

nothing was said about excluding interest on time sales, and the master has found that there was no such agreement, and the preponderance of the evidence is not in favor of the defendant on this point; and his Honor should have held that the plaintiff was entitled to one-half the interest, as it forms a part of the net gain, and hence a part of the profit, and the evidence is that the plaintiff was to share one-half the profits and bear one-half the losses.

VI. Because his Honor erred in finding and adjudging, as matter of law, that the plaintiff is not entitled to the equitable relief of an accounting of the alleged partnership between himself and the defendant, and that whatever rights he may have against the defendant, if any, should have been prosecuted in a legal action, for that: 1. It appears from the agreement of the parties and from the other evidence in the case that a copartnership existed between the parties, and his Honor should have so held, and taken full jurisdiction of the whole matter. 2. It appears from the very nature of the case that in any event, whether there was or was not a copartnership, the nature of the accounts are such that they could only be adjusted in equity. 3. It appears that the plaintiff and defendant owned together in equal parts the tract of land described in the complaint, and a number of papers against customers amounting to about $932. This was adjudged by the master, was not excepted to, and it is submitted that this clearly gave his Honor equitable jurisdiction, independent of anything else that appears in the case, and his Honor should have so held.

VII. Because his Honor erred in holding that the real contention was as to the interest, and that the plaintiff is entitled to no part thereof, and in holding that for this reason, and also for the reason that the plaintiff is not entitled to an equitable accounting, but must prosecute his rights, if any, in a legal action, he overrules the report of the master, and sustains all of the exceptions save that of estoppel. In that: The matter of contention was not confined to the

matter of interest as the principal item, it appearing that among other items the plaintiff claims an unpaid feed bill of over $1,400, and the complaint shows on its face ground for equitable jurisdiction, in that it alleges that there is due from the defendant to the plaintiff $2,672.22, which is amply supported by the evidence.

And the plaintiff further excepts to the aforesaid decree, and alleges further error therein as follows:

VIII. That his Honor erred in overruling the master's report, in sustaining the exceptions thereto and in dismissing the complaint, in that: (a) The master found that there was due to the plaintiff by the defendant the sum of $2,619.34, and this finding was not excepted to, and the plaintiff was entitled to judgment thereon in his favor, and the same should have been given. (b) The master made up the statement of account between the parties, and in his report found that there was no dispute as to any item therein. This finding was not excepted to; from the statement it appears that there was due to the plaintiff $1,492.10 for feed bills, and his Honor should have so adjudged, and erred in not so adjudging. (c) The master found that the plaintiff and the defendant owned the S. W. Connelly tract of land and $932.03 of assets equally. This finding was not excepted to, and the master's report should have been confirmed, and his Honor erred in not so adjudging. (d) The findings of the master are supported by the preponderance of the evidence, and his Honor erred in not so adjudging, and in not sustaining the master's report. (e) The complaint and the evidence clearly show that there was a copartnership between the parties, and his Honor should have so held, and should have undertaken to settle all matters arising in the case, and erred in not so doing. '(f) Even if his Honor be right in arriving at the conclusion that the relation of principal and agent existed between the parties, he erred in dismissing the complaint, because: 1. The accounts between the parties are so intricate and difficult that they should be adjusted

in equity, and because it appears from the testimony and from the master's report, not excepted to, that there are undivided assets of land and choses, owned equally by the parties; and 2. Even if the plaintiff's remedy be at law, the complaint. states a complete cause of action even for trial by jury, and his Honor erred in dismissing it, but should have disposed of the equitable issues as to the division of the land and choses, and transferred the cause to Calendar 1 for a trial by jury. (g) His Honor having adjudged that whatever right the plaintiff had, if any, should be asserted in an action at law, it is respectfully submitted, could not pass upon any question of fact in the case; for if he was without equitable jurisdiction, he could not consider any question on its merits, and he erred in so doing, and erred particularly for this reason, in finding that the relation of principal and agent existed between the parties; erred in finding that they were not partners; erred in finding that the feed bills had been paid, and erred in passing upon any and all other questions of fact; for as to all these in an action at law the plaintiff has the right to a trial by jury.

*Messrs. Purdy & Reynolds* and *W. D. Trantham*, for appellants, cite: *On point decided:* 46 S. C., 133; 25 S. C., 72; 14 S. C., 112; 18 S. C., 222; 22 S. C., 476.

*Messrs. Lee & Moise*, contra, cite: *On point decided:* 17 S. C., 538; 27 S. C., 236; 37 S. C., 326; 42 S. C., 292; 29 S. C., 408, 514; 26 S. C., 338.

Sept. 27, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The view which the Court takes of this case will render it necessary to set out in the report thereof, the complaint, the answer (except the third defense, which was withdrawn without objection), the report of the master (except the items making up the result in the statement of receipts and expenditures of account), the exceptions to the said report, the decree of his Honor, the presiding Judge, and the exceptions to the said decree.

The following statement appears in the case: "This case was pressed on for trial by the plaintiff's attorneys on the equity side of said Court, after the juries were discharged for the term; and the defendant's attorneys moved to dismiss the complaint on the grounds that neither the complaint nor the testimony showed that the plaintiff was entitled to any equitable relief. Immediately after argument, his Honor announced the judgment orally from the bench, and directed the defendant's attorneys to write out a decree in accordance therewith. No motion was made to retain the case for the determination of any issues upon the law side of said Court, nor was any motion made for an amendment."

The decree of his Honor, the presiding Judge, must be construed with reference to the question before the Court when the judgment was orally announced by him. The motion then before the Court was to dismiss the complaint on the grounds that neither the complaint nor the testimony showed that the plaintiff was entitled to any *equitable* relief. The motion was, in effect, to dismiss the complaint on the ground that neither the complaint alleged nor did the testimony show such facts as were sufficient to call forth the exercise, by the Court, of its equitable jurisdiction. The question presented for the consideration of the Court was, therefore, one of jurisdiction, otherwise there was no necessity to make the motion. The presiding Judge was right in sustaining the objection that there was nothing in the case to invoke the equitable jurisdiction of the Court. There was no complexity in the accounts, and, even if the presiding Judge had found, as a fact, that the plaintiff was entitled to one-half of the interest on credit sales of stock, still the amount for which he would have been entitled to recover judgment could easily have been ascertained without a resort to a court of equity, as there was no dispute in regard to the dates and amounts of the credit sales of stock.

It is contended that the equitable jurisdiction of the Court should be exercised for the purpose of making partition of the S. W. Connerly land, and that, as the Court

had acquired jurisdiction for one purpose, it would dispose of all other questions, so as to prevent a multiplicity of suits. In the statement of the account prepared by the plaintiff, this land is charged to the defendant at $105; and in the case we find the following: "Inasmuch as Mr. Harby is charged with S. W. Connerly land $105, it is hereby admitted by plaintiff's attorney, that should Mr. Harby not see fit to retain the land at this price, this item should come out of this account and be carried to the assets account." It seems Mr. Harby made no objection to this item, therefore, there was no necessity to resort to equity touching the partition of said land.

As the findings of fact by the presiding Judge were in response to the question of jurisdiction, and as the question of jurisdiction could have been determined without the findings of fact which he made, such findings must be without prejudice to the rights of the plaintiff, in case he seeks relief on the law side of the Court. If the plaintiff can sustain the allegations of his complaint making out a cause of action on the law side of the Court, he will be entitled to recover judgment against the defendant. It was, therefore, error for his Honor to have dismissed the complaint. *Bank* v. *Dowling*, 45 S. C., 677. Under this view of the case, it is not necessary to consider the exceptions in detail.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, and the case remanded to that Court for the purposes herein mentioned.