### 9844

### HUFFMAN v. OWINGS.

#### (95 S. E. 78.)

PLEADING — COMPLAINT — DEMURRER. — Though the complaint, asking
    judgment for specific performance and such other relief as may
    be proper, fails to state sufficient facts for equitable relief, it is
    not demurrable; its allegations showing a valid contract, and breach
    whereby plaintiff was damaged, entitling him to legal relief.

Before WHALEY, County Judge, Richland, August, 1917.
Reversed.

Appeal from an order sustaining a demurrer to complaint
upon the ground that it failed to state facts sufficient to con-
stitute a cause of action.

The complaint is as follows:

The plaintiff above named, complaining of the defendant
above named, alleges:

(1) That on or about the 1st day of July, 1917, the
defendant promised and agreed to sell to the plaintiff herein
six hogs, which were then on the plantation or premises of
one Mills, in Lexington county, S. C., for the sum of $60,
and at that time accepted and received from the plaintiff $10
as part payment of the purchase money of said hogs, and
gave to the plaintiff a memorandum in writing, signed by
himself, whereby he acknowledged the receipt of the said
$10, and agreed to deliver to the plaintiff the said six hogs
upon the payment of the further sum of $50, which was to
be paid on the 4th day of July, 1917, and upon the payment
thereof to deliver the said hogs to the plaintiff.

(2) That on the said 4th day of July, 1917, the plaintiff
herein went to the defendant, and offered to pay the defend-

ant the said sum of $50 upon the delivery of the said hogs either at Columbia, or at the said farm of Mills, in Lexington county, but the defendant refused to deliver the said hogs to the plaintiff, and still refuses to do so, although the plaintiff has made repeated offers to pay the said sum of $50 upon delivery to him of said hogs in good condition.

(3) And the plaintiff alleges that he has performed all the conditions of the contract of purchase imposed upon him by the terms thereof.

(4) And the plaintiff alleges that he is engaged in the truck farming business, and has much truck, vegetables, and fruit which he is unable to sell on the market, and which he hoped and intended to feed to said hogs, which were then very poor, and thereby fatten them, and sell them when fat on the market. And the plaintiff alleges that by reason of the said facts the said hogs were of particular value to him; and that for the reason aforesaid a monetary judgment would not be an adequate remedy, or fully compensate him for the loss occasioned by the defendant's breach of his contract.

(5) And the plaintiff alleges that at the time of the sale the said hogs were worth the said sum of $60, but that if in good order they are now worth the sum of $100.

Wherefore, the plaintiff asks judgment that the defendant be required specifically to perform his contract with the plaintiff by delivering said hogs to him upon the payment of the said sum of $50, and for such other and further relief as may be just and proper.

*Mr. Jas. S. Verner,* for appellant, cites: *As to error in not dismissing:* Rule 18 of the Circuit Rules; 93 S. C. 487; Code of Procedure, sections 193 and 198. *If complaint states any cause of action either at law or in equity, it should not be dismissed:* 70 S. C. 118; 70 S. C. 572; 98 S. C. 400; 80 S. C. 223; 105 S. C. 525.

*Mr. Paul A. Cooper,* for respondent.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order sustaining a demurrer to the complaint, on the ground that:

"It appears on the face of the complaint that it fails to state any cause of action for the reason that an action for specific performance of a contract for the sale of personal property, such as is described in the complaint herein, will not lie, but plaintiff's remedy, if he has any, is an action for damages on the law side of the Court."

A copy of the complaint will be incorporated in the report of the case.

It is true the complaint fails to state facts sufficient to constitute a cause of action for equitable relief, but it does not follow that the demurrer should have been sustained and the complaint dismissed. A complaint is not demurrable if the allegations are sufficient to entitle the plaintiff to any relief whatever either legal or equitable. *Latham v. Harby,* 50 S. C. 428, 27 S. E. 862; *Parker v. Victoria Co.,* 105 S. C. 375, 89 S. E. 1068..

The allegations in this case show a valid contract between the plaintiff and defendant, and that there was a breach thereof on the part of the defendant, whereby the plaintiff was damaged. There was error, therefore, in sustaining the demurrer.

Judgment reversed.

JUSTICES WATTS, FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit in this case.