## 10461

### MOORE v. SANDERS.

#### (103 S. E. 589.)

1. REPLEVIN—BOND LIMITED TO SUBJECT, NO MATTER HOW BROAD LANGUAGE.—No matter how broad the language of a bond in claim and delivery may be, it is always limited to subject to which it treats.

2. REPLEVIN—"CLAIM AND DELIVERY" DEFINED.—Claim and delivery is an action to determine the right to possession of personal property.

3. CHATTEL MORTGAGES—RIGHT TO POSSESSION, FOUNDED ON OBLIGATION TO SECURE PAYMENT, DEPENDS ON DEBT AND NOT AMOUNT.—When the right to possession in a claim and delivery action is founded on an obligation to secure payment of a debt, such right depends on the existence of a debt and not its amount.

4. REPLEVIN—SURETY ON DEFENDANT'S BOND NOT LIABLE TO EXTENT OF DEBT SECURED BY PROPERTY.—Sureties on bond of defendant in a claim and delivery action, plaintiff's right of possession being founded on an obligation to secure the payment of debt, were not liable to the plaintiff, where defendant returned the property to the sheriff, and property sold for less than the debt secured, there being no claim for damages for unlawful taking or withholding; liabilities of sureties not exceeding the scope of the action and not extending to payment of the deficiency due to the property selling for less than the indebtedness secured.

Before McIVER, J., Beaufort, November, 1919. Reversed.

Action by Wm. W. Moore against P. S. Sanders and Sam Washington and J. I. Washington, Executors of the Will of Josh Deas, Deceased. From judgment for plaintiff, the defendants apppeal.

*Messrs. Talbird & Jenkins,* for appellants, cite: *Surety is favorite of the law:* 17 S. C. 4. *Purpose of sec. 321, Code Proc.:* 42 S. C. 127. *And its construction:* 32 S. C. 171. *Liability of sureties does not accrue until final judgment is had:* 34 Cyc. 1576. *Undertaking of surety to be strictly construed and cannot be enlarged by judicial construction:* 34 Cyc. 1579n, 67; secs. 338 and 321. *Code Proc. 1912, were not followed.*

*Mr. W. J. Thomas,* for respondent, cites: *Judgment was contingency in which surety was to become bound, and sufficient proof of breach and of damage therefrom:* 12 S. C. 580; 60 S. C. 424; 107 S. C. 330. *Appellant estopped as to jury trial or form of verdict by written consent to order of reference:* 58 S. C. 448; 28 S. C. 268. *Form of judgment correct:* 20 S. C. 10; 11 S. C. 327; 16 S. C. 374.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent sold an automobile to C. H. Singleton. Singleton paid part cash and gave several notes, and a mortgage of real estate and personal property to secure the notes. Some of the notes being unpaid, the mortgagee brought suit to foreclose his mortgage and demanded the immediate possession of two horses covered by the mortgage. The plaintiff gave bond, and the sheriff seized the horses. The defendant gave bond, and the horses were returned to him. He kept them awhile, and then returned them to the sheriff, who, by agreement, sold them. The balance of the property covered by the mortgage was sold under a decree in foreclosure. The proceeds of sale did not pay the debt, and judgment was entered for the deficiency. This action was brought against the sureties on the bond given by Singleton for the unpaid balance of the mortgage debt. The securities of Singleton were P. S. Sanders and Josh Deas. Deas died, and his executors were made parties.

The original case from which this case comes, to wit, *Moore v. Singleton,* was, as Judge Gary, the presiding Judge, held, an action to foreclose a mortgage of real and personal property. In this case the action was treated, so far 1-4 as these appellants are concerned, as an action in claim and delivery, and the judgment was given against the appellants, as bondsmen of Singleton, for the

entire amount found due to respondènt, Moore, by Single-
ton, the judgment debtor, in the former action.    The ques-
tion in this case is, For what are the bondsmen liable?    It
is most favorable to respondent to treat the former case as
an action for claim and delivery.    The liability of the sure-
ties in claim and delivery, as stated in the statute, in the
bond, and in the case of *Thompson v. Joplin,* 12 S. C. 580,
is very broad.    It matters not how broad language may be,
yet it is alwàys limited to the subject of which it treats.

Claim and delivery is an action to determine the right to
the possession of personal property.    When the right to the
possession is founded on an obligation to secure the pay-
ment of a debt, then the right to the possession depends
upon the existence of a debt, but not its amount.    If there
is any debt, then the obligee is entitled to the possession.
The judgment in such cases is for the possession of the chat-
tels and damages for the wrongful taking or withholding of
possession.    Until the right was given by the statute, the
trial Court was not authorized to determine the amount due
between the parties.    The form of the judgment was pre-
scribed by the statute and it was not in contemplation of
law that the liability of the sureties should exceed the scope
of the action, to wit, the enforcement of the right of posses-
sion and damages for the unlawful taking or withholding.

The case of *Parish v. Smith,* 66 S. C. 424, 45 S. E. 16,
cited by the respondent, does not sustain him in his claim
for the whole judgment in *Moore v. Singleton.*    In *Parish
v. Smith, supra,* 66 S. C., at page 432, 45 S. E., at page 18,
we find:

"In *Archer v. Long,* 47 S. C. 556, the Court says: 'If the
plaintiff returns the chattels adjudged to be the property of
the defendant within a reasonable time, in as good condition
as they were at the time the judgment was rendered, * * *
the judgment will thereby become inoperative and satisfac-
tion should be entered upon the record.' "

In the instant case the chattels were returned. There has been no judgment for damages for their detention, and no liabilities of the sureties.

The judgment is reversed, and the complaint dismissed.