## 13756

## COX v. HARRISON

(172 S. E., 417)

*Mr. Ben F. Perry,* for appellant,

*Messrs. Williams & Henry,* for respondent,

January 16, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, instituted in the County Court for Greenville County, in May, 1931, is a suit for the foreclosure of a chattel mortgage given as security to a promissory note, in the sum of $150.00, executed unto the plaintiff by the defendant, bearing date June 10, 1930, and payable November 15, 1930. In his complaint, the plaintiff set forth the usual allegations in such cases, alleging, in effect, that the note was past due and only a small portion of the amount involved had been paid, though demand for payment had been made, that the terms and conditions of the mortgage had been broken, and that the plaintiff was entitled to possession of the property covered by the mortgage. Based on the allegations contained in his complaint, the plaintiff asked for judgment against the defendant for the balance due on said obligation, including interest and attorney's fees; also for possession of the mortgaged property to be sold under the terms of the mortgage; and asked for such other and further relief as the Court might deem just and equitable. In his answer the defendant admitted the execution and delivery of the note and mortgage involved, but alleged that he had paid thereon the sum of $35.00, whereas the plaintiff in his complaint alleged payment of only $34.00. In this connection we may state that at the hearing of the cause in the lower Court the plaintiff, by his counsel, consented for defendant to have a credit of $35.00, and it seems that the complaint was treated as amended to that effect, and there was therefore no disagreement between the parties as to the amount the defendant had paid on the obligation. The defendant, however, denied that the conditions of the mortgage had been broken, and alleged, as his reasons for this position, that, when he made a payment on the obligation

in question, "the plaintiff agreed to extend the time for the payment of the balance but has neglected to do so," and further alleged that at the time of the execution and delivery of the said note and mortgage the plaintiff paid to the defendant for said note the sum of $130.00, and not $150.00, and alleged that he only owed the plaintiff $130.00, with interest from the 10th day of June, 1930, less the payment of the said sum of $35.00. The said answer contains the further allegation: "The defendant further alleges that said transaction was usurious and is informed and believes that in view of such fact the plaintiff is entitled to no interest thereon and that said note and mortgage is null and void."

On the pleadings as thus stated, the matter was heard November 15, 1930, by his Honor, Hon. M. F. Ansel, Judge of said County Court, on notice and motion of the plaintiff for judgment in accordance with the prayer of the complaint, on the ground that the answer did not state facts sufficient to constitute a defense. Upon hearing argument, his Honor, Judge Ansel, held, and issued an order accordingly, that the plaintiff was entitled to possession of the personal property described in the mortgage with the right to sell the same under the terms of the mortgage. In this connection we call attention to the fact that the said order issued by his Honor, Judge Ansel, did not fix the amount owing by the defendant to the plaintiff on the said obligation.

From the said order of Judge Ansel, and judgment entered thereon, the defendant, upon due notice, has appealed to this Court.

Under the exceptions appellant raises several questions, but since, under our view, the case will have to be remanded for further procedure, we deem it unnecessary to discuss all of the matters presented by counsel. As stated above, there was no issue before the Court below as to the amount paid by the defendant on said obligation, but, under the allegations contained in the defend-

ant's answer, in our opinion, an issue was raised as to the amount the defendant owes the plaintiff on said obligation. As stated above, the defendant alleged that he did not receive from the plaintiff the sum of $150.00, the face value of said note, but that he only received $130.00, and, further, alleged that he only owed the plaintiff on said obligation the sum of $130.00, with interest thereon, less the payments made, in the sum of $35.00. Therefore an issue was raised as to the amount owing by the defendant on the note involved, and this was an issue for the jury. His Honor did, however, on his construction of the pleadings, award possession of the mortgaged property to the plaintiff, with the right to sell the same under the said mortgage. His Honor, it appears, based his holding and conclusion upon the ground that, under his construction of the allegations of defendant's answer, the defendant admitted that the note and mortgage had not been paid, and that therefore the title to the mortgaged property was in the plaintiff. In support of the correctness of this position, respondent cites the case of *Moore v. Sanders,* 114 S. C., 350, 103 S. E., 589. It is true, as was held in that case, that, when the right to possession of personal property is founded on an obligation to secure the payment of a debt, then the right to possession depends upon existence of a debt, but not upon the amount of such debt. If any portion of the alleged debt is admitted to be owing and due, then such obligee is entitled to possession of the property covered by the chattel mortgage. This is the general rule, but, when the giver of such chattel mortgage executes a proper bond, for the purpose of being permitted to retain possession of the mortgaged property, as was done in the case at bar, then he has the right of possession until the issues in the action are decided. The amount owing on the obligation involved not having been determined by the Court, it was, in our opinion, error to give to the plaintiff possession of the property involved and authorize the sale of the same. When the amount owing on the obliga-

tion involved in the case at bar is determined and stated by the Court, the defendant will have the right, if he so desires, to pay the same, together with any costs the Court may allow, and retain the property involved. In regard to the position that the plaintiff is guilty of a violation of the law as to usury, we consider it sufficient to state that, in our opinion, that question is not properly raised. A suit for usury can only be maintained in a separate action or be allowed as a counterclaim in an action brought to recover the principal sum. See Section 6740, Code 1932.

We consider it unnecessary to discuss the other matters presented by counsel.

For the reasons stated, the judgment of the lower Court is reversed, and the case remanded for further procedure not inconsistent with the views herein expressed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Bonham, and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Chief Justice Blease (concurring) : The defendant's answer was very indefinite, but I think it raised sufficiently an issue of fact as to the amount due on the mortgage debt, to be properly determined in a trial of the cause. The proper motion of the plaintiff was to require the answer to be made more definite and certain. His motion to strike out the answer should not have been granted.