PARISH v. SMITH.

1. CLAIM AND DELIVERY.—SURETIES of defendant, in taking possession of property attached by plaintiff in claim and delivery, are bound for whatever money judgment is rendered against the principal, whether that amount of property was taken by defendant under replevin bond or not, but such liability is reduced by what property is delivered to plaintiff under the judgment.

2. IBID.—VERDICT in claim and delivery, that we find for plaintiff the goods, chattels, and stock enumerated in the complaint, valued at $300, is conclusive against sureties of defendant in replevin.

Before DANTZLER, J., York, February, 1903. Affirmed.

Action by C. G. Parish against S. S. Smith, A. L. Thomson and Louis Roth.  From judgment for plaintiff, defendants appeal.

*Mr. Jas. F. Hart,* for appellant, cites: *If bond was signed under belief that sheriff had all property described in the complaint, it was mistake, and should be relieved against:* 2 Bail., 623; 20 S. C., 331; 44 S. C., 41.  *Verdict will not support entry of judgment for an amount of money:* Code, 299; 18 S. C., 386; 30 S. C., 326; 19 S. C., 492; Code, 286; 19 S. C., 507.  *As to when a judgment is void:* 24 S. C., 404; 8 S. C., 258; 1 Hill, 302; Frem. on Judgts., 2 ed., secs. 116, 117; 32 S. C., 186; 5 Strob., 140.

*Mr. Thos. F. McDow,* contra, cites: *Judgment is conclusive of breach of bond and of damages:* 12 S. C., 581; 37 S. C., 191; 10 S. C., 497.  *And could not be attached collaterally:* 5 S. C., 9; 24 S. C., 403; 47 S. C., 525; 56 S. C., 4; 34 S. C., 457; 35 S. C., 613; 37 S. C., 114; 39 S. C., 480; 41 S. C., 18; 9 Wall., 23; 5 Cranch, 173; 2 Pet., 157; 10 Pet., 9; 16 Pet., 71; 72 Minn., 420; 22 Wall., 728; 20 Mo. App., 523.

June 20, 1903.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  *Statement of facts.*—This is an action against the sureties upon an undertaking in claim and delivery proceedings.  The following statement is set out in the record:

"C. G. Parish, respondent in this appeal, brought his action in claim and delivery against R. J. Smith, on the 28th day of November, 1898, for the recovery of the personal property described in the complaint in that action.  The plaintiff gave his undertaking, and the sheriff took possession of so much of said property as he could find.  The defendant, R. J. Smith, replevied the property, and executed the undertaking hereinafter set out in the case, with the appellants as his sureties thereon.

"The action of C. G. Parish against R. J. Smith was tried in the Court of Common Pleas for York County, November term, 1901, and a verdict rendered for the plaintiff. Judgment was thereafter duly entered on said verdict, and execution issued, and the property enumerated and described on the back of said execution taken by the sheriff and delivered to the plaintiff. No appeal was ever taken from the verdict and judgment in the claim and delivery action, nor was any motion to vacate or set aside the verdict and judgment entered thereon ever made by the defendant, R. J. Smith, or any of the sureties—the appellants here.

"At the April term, 1902, the respondent, C. G. Parish, commenced his action against the defendants, appellants, as sureties on the undertaking of the defendant, R. J. Smith, in the first action. At the April term, 1902, due notice of motion having been given, plaintiff moved to strike out paragraphs 3 and 4 of the defendant's answer. This motion was refused, without prejudice to renew the motion at proper time. See order of Judge Watts.

"At February special term, 1903, this action came on for trial before his Honor, Judge Dantzler, and a jury. The motion to strike out paragraphs 3 and 4 of defendant's answer was renewed and granted. Defendant demurred to the introduction of the original record in evidence, on the grounds that the verdict of the former action in claim and delivery, not being in the alternative, no money judgment could be entered, and that the judgment entered in that action did not conform to the verdict rendered."

The undertaking therein mentioned is as follows: "Whereas, the plaintiff in this action has claimed the delivery to him of certain personal property specified in the affidavit made on behalf of the plaintiff for that purpose, of the alleged value of $400, and has caused the same to be taken by the sheriff of the county of York, pursuant to law, but the same has not yet been delivered to the plaintiff. And whereas, the defendant, desirous of having the said personal property returned to him; now, therefore, we, the under-

signed, R. J. Smith, S. S. Smith, A. L. Thomson, L. Roth, for the procuring of such return, and in consideration thereof, do hereby undertake and become bound to the plaintiff in the sum of $800, for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and for the payment to him of such sum as may be in this action for any cause to be recovered against the defendant."

The property is thus described in said affidavit: "One black horse colt, about two years old, name unknown; one sorrel horse colt, about two years old, name unknown; one horse mule, about ten years old, named Redmon; one bay mare mule, about fourteen years old, named Della; one brown colored horse mule, about twelve years old, named Fox; one black mare, about nine years old, name unknown, and one gray mare, about twelve or fourteen years old, name unknown; two paper cutters; four flat glass show cases and one upright glass show case; one Champion mower; one Rawles Implement Co. hay rake; one W. B. Moore & Co. pump; one two-horse wagon, and the stock of merchandise, consisting of dry goods, groceries and notions in the storehouse, the place on which the said Robert J. Smith now lives, and agricultural tools and implements, consisting of plow stocks, plows, etc., as believes of the value of $400."

The property which was (after judgment against R. J. Smith) delivered to the plaintiff, is thus described on the back of the execution:

"After diligent search, I have been unable to find any of the property described in the within execution, except the following, to wit: Two flat show cases of the value of $5; one paper cutter of the value of $1; one upright show case of the value of $2; one lot of merchandise to the value of $10; one two-horse wagon of the value of $15; one Champion mower of the value of $22.25; one Rawles Implement hay rake of the value of $12; one sorrel horse colt, about two years old on the 28th day of November, 1898, name unknown.   John R. Logan, S. Y. C.   December 8th, 1900."

When plaintiff executed his undertaking for the delivery of the property, the sheriff made return that he had found and taken possession of the following: "One black horse colt, one sorrel horse colt, one pair flat show cases, one upright show case, one Champion mower and one horse rake, one two-horse wagon, one W. B. Moore pump, one lot of notions in storehouse, one lot farming implements, one paper cutter, one lot of about 500 ladies' hats all shapes, one lot empty boxes."

The third and fourth paragraphs of the defendants' answer which were struck out are as follows:

"3. And defendants further allege that at the time these defendants executed the said bond, the sheriff had taken in said action property appraised as follows, and no other, to wit: Two flat show cases, $5.50; one upright show case, $2.00; one paper cutter, $1.00; one lot merchandise, $10.00; one one-horse wagon, $15.00; one Champion mower, $22.50; one horse hay rake, $11.75; one sorrel colt, $70.00; one black colt, $70.00. And said bond was executed solely for the purpose and consideration of the return to the plaintiff in that action of the above described property, if it should be adjudged to him, as provided by law, and as by reference to said bond will fully appear. That when defendants executed said bond they were informed and believed that the sheriff had taken from the defendant other property mentioned in the complaint in said action, aggregating in the whole an alleged valuation of $400; and said bond was signed under the mistake and misapprehension that the sheriff had taken such other alleged property making up the alleged valuation, which by their bond they undertook should be returned to defendant; and anything in said bond appearing to the contrary is without consideration and void, as well therefor as by reason of the misinformation and mistake under which said bond was executed.

"4. And these defendants further allege that all of the property taken by the sheriff in that action, and by him returned to the defendant, R. J. Smith, upon and after the

execution of the said bond, has been adjusted to the plaintiff, and the same has been delivered to him by said R. J. Smith, saving and excepting one black colt of the alleged value of $70, which died before any adjudication of ownership was had, and against which loss these defendants did not undertake."

In the case of *Parish* v. *Smith,* the jury rendered the following verdict: "We find for the plaintiff all the goods, chattels and stock enumerated in the complaint for the plaintiff, valued at $300. D. G. Stanton, foreman." The description of the property in that complaint and in the plaintiff's affidavit is the same. The defendants did not offer any testimony, and under the instructions of the Court the jury rendered a verdict in favor of the plaintiff. The amount which the jury found for the plaintiff was $202.31.

The defendants' exceptions are as follows:

"1. Error in striking out paragraphs 3 and 4 of their answer.

"2. For error in holding that the replevin bond executed by appellants as sureties of R. J. Smith in claim and delivery, applied to all the property claimed in the complaint in that action, although not seized by the sheriff, and not returned to the defendant.

"3. For error in holding that the verdict in the former action against R. J. Smith, entered on the minutes of the Court, and recited in the judgment entered against said Smith, defendant, in the following form, 'We find for the plaintiff all the goods, chattels and stock enumerated in the complaint for the plaintiff, valued at three hundred dollars,' should be construed to read, 'We find for the plaintiff all the goods, chattels and stock enumerated in the complaint for the plaintiff, *or three hundred dollars,* the value of the property.'

"4. For error in interpolating words in the verdict, wholly altering its legal effect.

"5. For error in construing the actual verdict received and entered by writing on the back of the record, not received as

a verdict, nor entered as such, and not adopted in the judgment formula as a verdict.

"6. For error in holding that the writing endorsed on back of complaint, as a verdict, would authorize the entry of a money judgment against the defendant, Smith, and create a record to sustain this action.

"7. For error in admitting the record in *Parish* v. *Smith,* in evidence.

"8. For error in directing a verdict against defendants-appellants."

*Opinion.*—We will first consider whether there was error, in striking out paragraph 3 of the defendants' answer. Sections 232 and 283 of the Code are as followws: "Sec. 232. At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property as stated in the affidavit of the plaintiff for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant. If a return of the property be not so required within three days after the taking and service of notice to the defendant, it shall be delivered to the plaintiff, except as provided in section 237."

"Sec. 283. In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention of, taking and withholding such property."

By the terms of the undertaking the defendants not only

became liable for the return of the property to the plaintiff if the delivery thereof should be adjudged, but likewise for the payment to him of such sum as might in that action for any cause be recovered against the defendant. In *Finley* v. *Cudd,* 42 S. C., 127, the Court, in construing section 283 of the Code, says: "It seems to us that the real object of the section of the Code under which this question arises is of a two-fold character—first, to protect the rights of the true owner of the property to regain possession of his property in specie, if practicable; second, to save the party, who may be innocently but illegally in possession of the property of another, from being compelled to pay such value as the jury may see fit to place upon the property, by giving him the alternative of returning the property to its rightful owner, and only paying such damages for its detention as may be determined to be proper."

The Court, in *Thompson* v. *Joplin,* 12 S. C., 580, uses this language: "It is clearly not the intention of the statute, which gives the language of the appropriate undertaking, to make the agreement to pay such sum as might from any cause be recovered against the defendant conditional upon there being a judgment for the return of the property to the plaintiff, and the bond must receive the same construction as the language of the act which it followed. There is no language to impart any such condition; on the contrary, the obligation of the sureties as it regards the return of the property and the payment of any sum recovered, is stated in cumulative language, so that a separate and distinct breach may be assigned as to each. It is clear that this is one of the class of cases referred to in *Smith* v. *Moore,* 7 S. C., 209, where the recovery of the judgment is, in itself, the happening of the contingency in which the surety was to become bound, and consequently *conclusive* proof not only of a breach of the bond, but of the *quantity of damage resulting therefrom.* It is contended that the waiver of the plaintiff in the action in which the bond was given of claim to the delivery of the property specifically discharged the sureties

on the bond. To make good this proposition, it would be necessary to establish that the sureties can question the regularity of the judgment recovered in the principal action. On general principles, this cannot be done; but in the present case, the insertion of the words, *'for any cause,'* *clearly was intended to exclude the surety from alleging that* *the judgment was rendered for some special cause beyond* *the contemplation of the undertaking"* (italics ours). These authorities conclusively show that the sureties were liable to the full extent of the verdict properly rendered under the pleadings in the action against R. J. Smith. They would have been liable to the full extent if the verdict had been rendered simply for a certain sum of money. We do not see why they should complain, when they were allowed to return the property described in the complaint instead of paying the value thereof assessed in money.

We will next consider whether there was error in striking out paragraph 4 of the answer. In *Archer* v. *Long,* 47 S. C., 556, the Court says: "If the plaintiff returns the chattels adjudged to be the property of the defendant within a reasonable time in as good condition as they were at the time the judgment was rendered * * * the judgment will thereby become inoperative and satisfaction should be entered upon the record." It would, therefore, have been reversible error for his Honor, the Circuit Judge, to order this paragraph struck out, if the facts therein alleged had not appeared in the testimony introduced by the plaintiff.

The next question that will be considered is whether the verdict was a nullity. In the case of *Bardin* v. *Drafts,* 10 S. C., 493, the Court uses this language: "Every reasonable presumption must be made in favor of the verdict, and that would render it necessary to construe it as conformable to the requirements of the law, where such construction is possible." The verdict states clearly the property the jury intended to find for the plaintiff, and the assessment of its value was no doubt intended as an alternative verdict in accordance with the requirements of

the statute." The foregoing authorities show that the verdict was conclusive against the sureties. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.