## 9700

### GIBBES MACHINERY CO. v. MOORE *ET AL.*

#### (92 S. E. 1033.)

1. REPLEVIN—SATISFACTION OF JUDGMENT BY DELIVERY OF PROPERTY— ESTOPPEL TO CONTEND PROPERTY WAS DELIVERED.—Defendants in replevin, cast in judgment, had the right to deliver the property in kind in satisfaction of the judgment, but they could not convert it to their own use, allow it to be sold under order of Court, and then contend that it was delivered to plaintiff because plaintiff happened to be the purchaser.

2. REPLEVIN—JUDGMENT FOR PLAINTIFF—CONCLUSIVENESS AS TO LIABILITY OF SURETY.—Judgment for plaintiff in replevin was conclusive as to the liability of the surety on defendants' bond.

Before SEASE, J., Hampton, October term, 1916. Modified.

Action by the Gibbes Machinery Company against D. F. Moore and another. From judgment for plaintiff, he appeals. Amount of judgment for plaintiff increased.

*Mr. J. W. Vincent,* for appellant, submits: *Judgment was binding on sureties:* 45 S. C. 16; and cites: *As to expenses to be included in damages:* 125 U. S. 426; 136 Mass. 515. *The right to recover in this action the damages by depreciation appears from:* 136 Mass. 515; 110 N. C. 220; 14 S. E. 745; 80 Wis. 240; 49 N. W. 745; 21 N. Y. Super. C. T. (8 Bosw.) 486; 14 Kan. 366; 26 Ill. App. 502; 36 Ind. 529; 85 Ind. 190; 68 N. W. 438; 98 Ia. 718; 91 S. W. 272; 28 Ky. L. Rep. 1124; 27 N. W. 678; 60 Mich. 540; 31 N. W. 444; 64 Mich. 575; 8 Pac. 345; 32 Mont. 581; 89 N. W. 760; 2 Neb. 664; 93 Ill. App. 112; 80 N. W. (Wis.) 436; 107 N. Y. Sup. 163; 56 Misc. Rep. 445. *Assignee of bond as party:* 2 McMul. L. 196.

*Mr. W. D. Connor,* for respondent.

June 28, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action of claim and delivery. On the 10th of November, 1910, Wm. A. Lawton executed a mortgage in favor of Gibbes Machinery Company on certain machinery purchased by him from said company. Thereafter he executed a second mortgage on said machinery in favor of the Bank of Brunson. Lawton failed to make payment of his indebtedness to the company, and it demanded possession of the machinery. He was willing for the company to take possession, but the Bank of Brunson, who had possession

thereof, refused to surrender it, whereupon the plaintiff commenced an action of claim and delivery, on the 30th of April, 1912. The Bank of Brunson replevied the property, and the defendant, D. F. Moore, became a surety on its bond. Some time after the commencement of the action the Bank of Brunson failed in business, and was placed in the hands of receivers. The receivers were substituted as parties defendant. Judgment was rendered on the 15th of November, 1913, in favor of the plaintiff for the possession of the property, or $600, the value thereof, together with $52.15 damages.

On the 10th of December, 1913, the Court made the following order:

"That W. E. Richardson and C. F. Riser, as receivers for the Bank of Brunson, be, and they are hereby, authorized and directed to forthwith advertise for sale, and to sell the property described in the complaint in this action, now in their possession, at public auction and to the highest bidder for cash, after 15 days' notice, by posting the advertisement of said sale on the courthouse door in Hampton county and two other places in the county. Further ordered that the proceeds of such sale shall remain in the hands of said receivers until the final determination of this cause, and to be disposed of under the further order of the Court. This property is ordered sold upon the suggestion of the parties to this action that the property in question is located in a swamp and is daily deteriorating from rust and nonuse. This order is made by consent, and without prejudice to the rights of either party to the action."

Pursuant to said order the property was sold on the 30th of December, 1913, and the plaintiff purchased the same for $315, which sum was delivered by the receivers to the sheriff as a payment on the execution issued upon said judgment. Thereafter the present action was commenced against the defendant, as surety on the replevin bond executed by the Bank of Brunson.

The referee to whom the case was referred recommended in his report that the plaintiff have judgment against the defendant for the sum of $285. On hearing the exceptions to said report his Honor, the Circuit Judge, modified the same, and ruled that the plaintiff was only entitled to judgment for $25; whereupon the plaintiff appealed.

The case seems to have been argued on Circuit, under the misapprehension that the property described in the mortgage was returned to the plaintiff, after the rendition of the judgment against the receivers, in satisfaction of the judgment.

It is true the possession of the machinery was delivered to the plaintiff, when it was sold by the receivers under the order of the Court, but it came into the hands of the plaintiff as a purchaser, and not as the judgment creditor of the defendants.

Instead of delivering the property in kind, the defendants paid the proceeds of the same, amounting to $315, to the sheriff, to be credited on the execution issued upon the judgment recovered by the plaintiff against them. The defendants had the right to deliver the property in kind in satisfaction of the judgment, but they could not convert it to their own use, allow it to be sold, and then contend that the property itself was delivered to the plaintiff, because it happened to be the purchaser thereof. If the property had brought more than $600, which was its value as determined by the judgment, the excess would not have belonged to the plaintiff, but to the defendants, thus showing that the proceeds, and not the machinery itself, were applied as a payment on the judgment.

The judgment was conclusive as to the liability of the surety, and judgment should have been rendered against him for the sum of $285, the amount remaining due on the judgment against the receivers, after crediting it with the $315 arising from the sale of the machinery. *Parish* v. *Smith,* 66 S. C. 424, 45 S. E. 16.

The Circuit Judge should have rendered judgment for $285 instead of $25 and it is so adjudged.