### 10082

### BOLT v. MILAM *ET AL.*

#### (96 S. E. 614.)

1. JUDGMENT — COLLATERAL ATTACK.—Judgment cannot be attacked by referring to it, in an action on a bond given in the action in which it was rendered, as a nullity, and asking privilege of reforming it.

2. REPLEVIN—ACTION ON BOND—EVIDENCE.—Plaintiff, in an action on replevin bond, may put in evidence the judgment roll of the action in which the bond was given.

3. REPLEVIN—BOND OF DEFENDANT—BREACH.—Redelivery bond, given pursuant to Code Civ. Proc. 1912, sec. 262, to secure return of the property to defendant in the action, is breached when judgment is rendered for the plaintiff.

4. Replevin—Bond of Defendant—Defenses—Pleading.—Defense, in action on bond of defendant in replevin for balance of judgment after deducting proceeds of sale of property returned, that sale was not regular, not being pleaded, is not available.

5. Replevin—Bond of Defendant—Liability of Sureties.—Sureties on redelivery bond of defendant in action on note and for mule mortgaged to secure it, conditioned according to Code Civ. Proc. 1912, sec. 262, are liable for balance of judgment on note after deducting returned mule.

Before Mauldin, J., Laurens, —— term.    Affirmed.

Action by J. Warren Bolt against A. B. Milam and another. Judgment for plaintiff, and defendants appeal.

*Mr. R. B. Paslay,* for appellants, cites: *As to object of claim and delivery:* 30 S. C. 357; 9 S. E. 512; 18 L. R. A. (N. S.) 1357; 104 S. C. 357; 105 S. C. 142; Code of Procedure (1912), sec. 321; 94 S. C. 345; 47 S. C. 563; 42 S. C. 127. *Rights of losing defendant in claim and delivery:* 68 S. C. 98; Code of Procedure (1912), sec. 321; 75 S. C. 232; 66 S. C. 424; 12 S. C. 580. *Was it an abuse of the Court's discretion to refuse to allow defendants to have the judgment in Bolt v. Sullivan reformed so as to conform to section 321, Code of 1912, if such reformation was necessary to the equitable termination of the action:* 30 S. C. —; 9 S. E. 520.

*Messrs, Simpson, Cooper & Babb,* for respondent, submit: *That the original action, in which the undertaking sued upon was executed, was one that might be treated both as an action for the possession of property, and as an action for damages, and where damages were given, that the sureties were not discharged simply by a delivery of the property:* 12 S. C. 581; 7 S. C. 209; 66 S. C. 425; 16 S. C. 371; 37 S. C. 40.

September 3, 1918.

The opinion of the Court was delivered by Mr. Justice Gage.

Appeal from the direction of a verdict for the plaintiff. The instant action at law, which we shall call the second action, is against the sureties on a written undertaking executed pursuant to section 262 of the Code of Procedure, and commonly called a replevy bond. That undertaking was made by one Sullivan and the defendants, his sureties, to secure the return of a mule in an action which we shall call the first action by Bolt against the principal, Sullivan; and that action was for the recovery of judgment on a note made by Sullivan to Bolt's assignors, and the recovery of the possession of a mule conveyed by mortgage of Sullivan to Bolt's assignors to secure the payment of the note debt.

There are nine exceptions, but they all have to do with very few questions. We shall compass the points made by the appellant without specification of the exceptions.

The first action was plainly to recover judgment on a note executed by Sullivan, and to get possession of a mule conveyed by Sullivan to the note creditor to secure the payment of the note. Upon the trial of that action the Court gave judgment against Sullivan for $349.99, and for the possession of the mule to be sold and the proceeds applied to the judgment debt. There is no room for the appellants' contention that the judgment was only for the recovery of a mule; it was more than that, and it was also the fruit of proper allegations for a money judgment.

In the second action the defendant sureties undertook to challenge the correctness of the judgment in the first action. They referred to it as a "nullity," and they asked the Court for the privilege of "reforming" it. They charged that it was not what, on the face of it, it purported to be. It is axiomatic that the judgment of a Court cannot be attacked in that fashion; and, until a judgment is rightly attacked, it speaks finally and for itself. The plaintiff had the right to put in evidence in the second action the judgment roll of the first action.

26—110.

When that judgment was rendered the replevin bond was breached, by the plain words of the statute and by this Court's construction of it. Code, sec. 262; *Parish v. Smith,* 66 S. C. 430, 45 S. E. 16.

It is true the sureties had the right in the defense of the second action to prove payment of the judgment in the first action. But they have not done that, except by an attempted constructive payment. They contend that the delivery up of the mule to Bolt operated to satisfy the judgment for $349.99. The contention is not sound; part payment of a debt does not satisfy the whole debt.

The defendant, Milam, testified that the mule brought $150, and that the defendants paid on the judgment in addition to that $139 in money, making a total payment of $289 on the judgment for $349.99.

It is true that the defendants in the examination of Sullivan intimated that the sale of the mule was irregular; and the same thing is suggested in the sixth exception. But the answer made no such defense; it alleges that when the mule was delivered to the plaintiff that act operated to satisfy the money judgment; and the ninth exception makes that same issue.

The plaintiff in the first action was pursuing his remedy against Sullivan; the defendants, Milam and Crisp, were out of it, but they came in, took possession in effect of the mule, and bound themselves "for the payment of such sum as may for any cause be recovered against the defendant." There is no escape from their liability. The principal, Sullivan, was surely bound to pay the bond; and the sureties on it cannot escape with a less liability than their principal; the obligation is one and binds all.

The judgment is affirmed.