## 11827

### YARBOROUGH v. DICKERSON

#### (129 S. E., 136)

1. REPLEVIN—JUDGMENT, NOT DECLARING VALUE OF PROPERTY, VOID ON FACE.—Judgment in claim and delivery proceedings before Magistrate, which merely awarded plaintiff "property in dispute" without declaring the value of the property, as required by Code Civ. Proc., § 219, was void on its face.

2. CHATTEL MORTGAGES—VOID JUDGMENT IN CLAIM AND DELIVERY PROCEEDINGS HELD NO DEFENSE.—In mortgagor's action against mortgagee for conversion, judgment in claim and delivery proceedings, awarding mortgagee "property in dispute," *held* no defense, such judgment being void on its face for failure to declare value of property, as required by Code Civ. Proc., 1922, § 219.

Before WILSON, J., Oconee, March, 1923. Affirmed.

Action by T. T. Yarborough against B. A. Dickerson. Judgment for plaintiff, and defendant appeals.

*Mr. M. C. Long,* for appellant, cites: *Judgment of Magistrate governs until reversed:* 118 S. E., 27. *Admissions of mortgagor:* 27 S. C., 255. *Seizure by agent:* 82 S. C., 500. *Condition of mortgage broken:* 95 S. C., 107. *Objection of jurisdiction waived:* 91 S. C., 120; 97 S. C., 56. *Default judgment:* 91 S. C., 402. *Appeal from Magistrate:* 19 S. C., 143; 46 S. C., 510; 120 S. E., 356.

*Messrs. Shelor & Hughes,* for respondent, cite: *Affidavit in claim and delivery:* Code Civ. Proc. 1922, Sec. 470.

September 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for damages on account of the alleged unlawful conversion of certain personal property belonging to the plaintiff under chattel mortgages claimed by the defendant. The controversy has arisen out of the following facts:

On March 9, 1917, the plaintiff, Yarborough, bought a mule from the defendant, Dickerson, for which he agreed to pay $200. He gave a note for that amount, payable November 1, 1917, with interest from date at 8 per cent., secured by a mortgage upon the mule, a milch cow, and 1,000 pounds of lint cotton. Beginning October 5, 1917, Yarborough made payments to Dickerson at various times up to November 8, 1919, aggregating $210.' If all of these payments had been applied to the note, there would have been a balance due upon it as of December 6, 1920, of $13.12.

On the last-named date, Dickerson instituted claim and delivery proceedings before a Magistrate, alleging that there was a balance of $99 due to him by Yarborough. Under those papers there were seized the mule and cow covered by the mortgage which Yarborough had given to secure the $200 note and another mule which will be explained

later. On December 18, 1920, the Magistrate held Yarborough in default and rendered the following judgment:

."The defendant failed to answer, and judgment rendered for plaintiff for property in dispute."

On December 24, 1920, the property was sold at public outcry. The mule covered by the $200 mortgage was bid off by Dickerson for $75, the cow brought $20 and the other mule $3.50.

Dickerson claims that Yarborough owed him $85 on another transaction and that having given no direction as to the application of the payments above referred to, aggregating $210, he applied $120 on the $200 mortgage of Yarborough and $90 on the other debt.

The circumstances connected with the "other debt," were these: In January, 1918, Hoyt Yarborough, a son of T. T. Yarborough, bought a mule from Dickerson at $210. He gave Dickerson a note and mortgage covering the mule and 1,000 pounds of lint cotton. The note was indorsed by T. T. Yarborough. The mule proved to be unsatisfactory and Hoyt Yarborough carried it back to Dickerson and traded it for an $85 mule which satisfied the note for $210, indorsed by T. T. Yarborough except about 90 cents interest. T. T. Yarborough was not a party to this transaction and incurred no liability upon the $85 note and mortgage of his son. The son moved away and left the mule and crop upon his father's hands. Dickerson testified that T. T. Yarborough came up shortly thereafter and agreed orally to assume his son's debt. Yarborough denied that he had done so, and the jury evidently believed his statement. If so that matter passes out of the case and negatives the right of Dickerson to apply any part of the $210 payment to the son's debt of $85. The result is that T. T. Yarborough, at the time Dickerson instituted claim and delivery proceedings, owed Dickerson only $13.12.

It is not necessary to so decide, although we are 1, 2 strongly inclined to do so, that a mortgagee of chattels has no right to seize more than is reasonably

necessary to meet his claim, and that Dickerson, with a claim of only $13.12 had no right to sacrifice probably ten times that value of the mortgagor's property, which is the usual result of a sale under such mortgage. The point upon which we affirm the judgment of $200 damages, is that the judgment in the claim and delivery proceedings, being void on its face, was no protection to Dickerson. The statute requires that the judgment shall declare the value of the property, which was not done. *Wilkins v. Willimon,* 128 S. C., 509; 122 S. E., 503; Code Civ. Proc., § 219.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.