## 11923

### DUC v. SEEL

### (131 S. E., 778)

1. APPEAL AND ERROR.—Where exhibit is not before Supreme Court, construction put upon it by trial Judge will be accepted.

2. CLAIM AND DELIVERY REPLEVIN.—Plaintiff bringing claim and delivery has right to waive verdict for return of property as against defendant.

3. CLAIM AND DELIVERY REPLEVIN—DEFENDANT CANNOT COMPLAIN THAT PLAINTIFF CHOSE TO TAKE VERDICT FOR AMOUNT OF DEBT, WHERE PROPERTY HAD BECOME WORTHLESS.—In claim and delivery for automobile, verdict against defendant for amount of debt was proper, where automobile had become practically worthless, and, although plaintiff by such verdict released surety, defendant cannot complain thereof.

Before JOHNSON, J., Charleston, April, 1924. Affirmed.

Action by C. A. Duc against Theodore C. Seel. From a judgment for plaintiff, defendant appeals.

*Messrs. Shimmel & Rittenberg,* for appellant, cite: *Form of verdict in claim and delivery:* 128 S. C., 509; 122 S. E., 503.

*Messrs. Buist & Buist,* for respondent, cite: *Exceptions failing to indicate objectionable testimony:* Rule V, Sec. 6, of the Supreme Court, 1922; 128 S. C., 1. *Claim and delivery is combination of trover and replevin:* 72 S. C., 32; 71 S. C., 1. *Money judgment proper:* 82 S. C., 196.

March 1, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE R. O. PURDY.

This action is founded upon claim and delivery for an automobile of the alleged value of $1,000, and judgment is asked for the recovery of the possession of the property, or, in case possession cannot be had, then for its value, and for the costs of the action. The trial resulted in a verdict for

the plaintiff in the sum of $1,000. A motion for a new trial was made and was refused.

At the commencement of the action, the plaintiff made an affidavit in the usual form in claim and delivery proceedings, and gave the required undertaking, and the defendant appeared and gave a counter undertaking, with sureties, and retook possession of the property.

The case is somewhat involved, but, briefly, it may be stated as follows:

In 1914, the plaintiff bought a second-hand automobile for $700, and, having had it repaired at a cost of $300, sold it to one Charles Seel. On August 15, 1921, Charles Seel delivered the automobile to the defendant, Theodore Seel, who is his uncle, and is an automobile mechanic.

In the argument of the appellant, it is stated that $25 was paid by the defendant to Charles for rent of Buick car to September 25, 1921. The agreement is not put in the record, although it was put in evidence as Exhibit No. 5. As to this agreement, his Honor charged the jury:

"I charge you further, as a matter of law in this case, that under the written instrument introduced in evidence the defendant, Theodore Seel, was to pay the sum of $25 a month from August 15th for the use of that car while it was in his possession until the car was sold or settlement made was signed, and the question for you to decide, as I understand the law of this case, the issue for you to decide, is, under what terms and conditions was the automobile delivered to the defendant, Theodore Seel. I don't think there is any issue about the fact that Charles F. Seel was the owner of the automobile at the time delivery is alleged to have been made, and I charge you that the issue for you to decide is upon what terms and conditions did Charles F. Seel deliver it to Theodore Seel. Did he deliver it to him for sale, or did he deliver it to him under a contract for repairs? I charge you that, if you find that the automobile was delivered to Theodore C. Seel under a contract for re-

pairs, Theodore Seel would be entitled to a lien on the automobile for the reasonable amount of his labor and repairs expended."

One of the attorneys in the case asked:

"Did your Honor charge as to the rent?

"The Court: Under this instrument Theodore Seel was to pay $25 a month until the car is sold or settlement made."

The contention of the defendant is that the car was placed with him for sale, but was to be repaired and sold, and, in the meantime, that he was to pay $25 a month for the use of the car, and that he did actually pay $25 for one month's rent, and that he could not be deprived of its use before the expiration of a month, and he received the car on August 15, 1921.

His Honor charged the jury that, if the car was delivered to Theodore Seel by the owner, Charles F. Seel, under a contract providing for repairs—

"If you find that to be so then the defendant, Theodore Seel, acquired a lien on it for the reasonable value for repairs and labor, but, if you find that the automobile in question was delivered to the defendant, Theodore Seel, at the time alleged in the answer, on or about August 15, 1921, for the purpose of sale, then the defendant, Theodore Seel, would not acquire any lien upon that automobile."

The plaintiff's position is that Charles Seel, to whom he had sold the automobile, and against whom he had a note and an unrecorded mortgage on the car for $1,000, having lost his job, and the plaintiff desiring to help him out, purchased the car from Charles Seel on September 6, 1921, and that Charles gave him a bill of sale for the car, and, on refusal to deliver the car, this action was commenced on September 7, 1921, for its recovery.

It should be stated that the defendant claimed possession of the car, not only because he had rented it, but because of a lien which he had upon it for the sum of $219.50 for repairs made, as he claimed, at the request of Charles.

There are 11 exceptions; some of them imputing error in the refusal of his Honor to exclude parol testimony tending to vary the rental agreement of August 15, 1921, imputing error in refusing to grant a nonsuit, and for refusal to direct a verdict, and in charging the jury in reference to the alleged contract for repairs between the defendant and Charles Seel and their rights under it, in case any such contract existed; the alleged error being that the form of the charge confused the jury and led them to believe that the delivery of the automobile for the purpose of sale negatived the idea of a delivery for repairs, although there was evidence that the automobile was given to the defendant for the purpose of being first repaired and then sold; that there was error in refusing the motion for a new trial, because it appeared that the defendant was entitled to the possession of the automobile under the written rental agreement at the time of the commencement of the action and also under a mechanic's lien for repairs, on the ground that the verdict was excessive and contrary to the preponderance of the evidence; and in holding that, if there was any agreement by defendant to deliver the automobile to the plaintiff's witness, Charles F. Seel, such agreement, as set out in the written instrument dated August 15, 1921, was made conditionally upon the making of settlement for the sale of the automobile, and there was no evidence that settlement was ever made; and, further, that the verdict was entirely improper in form and contrary to the instructions of the Court, the Court having instructed the jury to find who was entitled to the property in dispute or its value, and having disregarded such instructions, and brought in a verdict for $1,000 without mentioning the automobile or its value.

This brings us to the consideration of the case on its merits.

Several exhibits were marked in evidence, but none are set out in the case. The principal paper relied upon by the appellant is the rental agreement of

August 15, 1921. That paper not being before the Court, the Court accepts the construction put upon it by the trial Judge. By the terms of that paper, upon a sale of the automobile, the right of the defendant to its possession ceased, unless he could hold it under some agreement for repairs made with Charles Seel. A contract for repairs was alleged on the part of the defendant and denied by Charles Seel. The issue was left to the jury, and the jury found against the appellant.

But the counsel for appellant presented the case before the Court so earnestly under the seventh exception as to the form of the verdict that the Court was tentatively of the opinion that a new trial would follow as a matter of law, under the case of *Wilkins v. Willimon,* 122 S. E., 503; 128 S. C., 509. An examination of the authorities, however, leads the Court to come to a contrary conclusion. The questions raised in that case are wholly different from this case. In the case of *Wilkins v. Willimon,* we find this:

"Where, in an action of claim and delivery of personal property covered by a mortgage, the plaintiff recovers a judgment, not for the recovery of the property or for its value, with damages for the detention, but for the amount of the debt secured by the mortgage, *is the surety upon a redelivery bond given by the defendant responsible in an action upon the bond for such judgment?*" (Italics ours.)

The verdict in that case was: "We find for the plaintiff $2,317.32." R. C. Willimon, the surety, was not a party to that action. The judgment not having been paid, the plaintiff, Mrs. Wilkins, instituted suit against him as surety on the redelivery bond signed by him in behalf of the defendant. His defense was that she elected to take a verdict against W. M. Willimon, the defendant, for the amount due upon the note secured by the mortgage, instead of a verdict for the recovery of the possession of the car or for its value in case a delivery could not be had, with damages for the detention, and that the judgment entered upon such ver-

dict does not represent that for which the surety stood obligated, and that he is not responsible on his bond therefor. The Court said:

"The verdict and judgment in this case, not complying with the statute in any particular, must be declared null and void. It seems hardly necessary to state that the surety, being a volunteer, without compensation, is entitled to stand upon the strict terms of his obligation: He assumes no engagement not 'nominated in the bond.'

"Looking to the bond, then, we find that the surety undertook for the principal 'the delivery of said property to the plaintiff if such delivery be adjudged, or for the payment to the plaintiff of such sum as may be recovered against the defendant in this case.' "

The judgment was for the plaintiff. The Court on appeal held, that as the recovery was not for the property or its value with damages for its detention, but for the debt secured by the mortgage, the surety was not liable; a case wholly different from the case which we are now considering.

This is not a question between the plaintiff and a surety; but it is a case between the plaintiff and the person who has the property in his possession. Even though the plaintiff brought claim and delivery, he had a right to waive a verdict for the return of the property as against the defendant.

The case of *Richey & Miller v. DuPre*, 20 S. C., page 6, is a case for claim and delivery for the recovery of a bale of cotton or its value in case delivery cannot be had, together with $100 damages. The jury found $27. Considering one of the exceptions, the Court said (page 9):

"Under the last general exception that 'the judgment is in all respects contrary to law,' it is claimed that the defendants may make the objection that the verdict was a nullity, for the reason that the action being for 'claim and delivery of personal property,' it should have been in the alternative,

for the property, or in case a delivery cannot be had, for its value and damages for the detention"—citing *Bardin v. Drafts,* 10 S. C., 496, and the second judgment in the case of *Eason v. Miller & Kelly,* 18 S. C., 381. "But we do not regard this as necessarily an action pure and simple for the delivery of the cotton. At the time the action was brought, the cotton had already been sold, leaving only in the hands of the Sheriff the proceeds of the sale. The prayer was for 'the recovery of the said bale of cotton, or for the value thereof, in case delivery cannot be had, together with $100 damages,' etc. The jury rendered a verdict in favor of the plaintiffs for $27. At the time it was rendered, the defendants made no objection to the form of the verdict. As was said by the Court in the case of *Joplin v. Carrier,* 11 S. C., 327, cited and followed in the case of *Williams v. Irby,* 16 S. C., 374, 'the plaintiffs had a right to demand either damages for the taking and detention, as in trover for conversion, or the return of the property with damages. The Code has not changed the rights of the parties in this respect. The provisions of Section 301 (now 299) of the Code, apply to a judgment awarding possession of personal property, not to a case where the plaintiff is entitled to general damages. It is for the plaintiff to elect which form of remedy he will pursue. We see no reason why the plaintiff could not elect to treat the case as an action for damages merely, notwithstanding the form of relief demanded by the complaint.' "

In this case, while the property had a value at the time the action was commenced, the proof is to the effect that at the time of the trial the automobile was worthless, due to the fact that the appellant had removed a part of it and had left the car out in the weather to rot. As a matter of fact, had the plaintiff recovered a verdict for the return of the property or its value, if the property was of no value, he could not have been required by the Court to have received it, but he could have proceeded against the surety.

An illustration of this is found in the case of property delivered to a carrier. If the property be so damaged as to be worthless, the consignee is not obliged to receive it. No one can be compelled to handle a worthless article.

Here the plaintiff elected, by the verdict, to release the defendant's surety and look to the defendant, and surely the appellant cannot complain if he has to pay the money instead of his surety, and if the plaintiff elects to look to the appellant then such is his right.

This opinion in no way conflicts with the general principles laid down in the case of *Wilkins v. Willimon* as to the form of the verdict required; but in a case of this kind the party entitled to such verdict may waive all of its benefit, as was done in this case, and accept the verdict for the recovery of money only.

The judgment is affirmed.

Mr. Justice Watts and Messrs. Acting Associate Justices J. H. Marion and C. J. Ramage concur.

Mr. Justice Cothran dissents.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran (dissenting): I think that the verdict was void under condition 3 in the *Wilkins v. Willimon Case;* precisely the status here. See, also, *Yarborough v. Dickerson,* 129 S. E., 136; 132 S. C., 168.

I cannot approve a verdict for $1,000 in a case where no damages are claimed in the complaint and the subject of the action is a second-hand automobile which sold seven years before for $700.